

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-28,586-09

**EX PARTE RICHARD BRYAN KUSSMAUL, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS**
**CAUSE NO. 93-773-C IN THE 54TH DISTRICT COURT**
**FROM MCLENNAN COUNTY**

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to imprisonment for life. The Tenth Court of Appeals affirmed his conviction. *Kussmaul v. State*, No. 10-94-00238-CR (Tex. App.—Waco Sept. 29, 1995) (not designated for publication).

Applicant contends that he is actually innocent and that had newly available scientific evidence been presented at trial, on the preponderance of the evidence, he would not have been convicted. *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996); TEX. CODE CRIM. PROC.

art. 11.073.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall hold a live evidentiary hearing.

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After holding an evidentiary hearing, the trial court shall make findings of fact and conclusions of law as to whether (1) Applicant's claims are barred by Article 11.07, § 4 of the Code of Criminal Procedure; (2) the evidence Applicant relies on for his actual innocence claim is newly discovered or newly available;[1] (3) Applicant has established by clear and convincing evidence that no reasonable juror would have convicted him in light of new evidence; (4) for purposes of Article 11.073, the DNA evidence in Applicant's case was "not available at the time of [his] trial because the evidence was not ascertainable through the exercise of reasonable diligence by [him] before the date of or during [his] trial";[2] (5) the DNA evidence would be admissible under the Texas Rules of Evidence at a trial held on the date this application was filed; and (6) had the DNA evidence been presented at trial, on the preponderance of the evidence, Applicant would not have been convicted.

---

[1] *See Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006) ("Not only must the habeas applicant make a truly persuasive showing of innocence, he must also prove that the evidence he relies upon is 'newly discovered' or 'newly available.'").

[2] TEX. CODE CRIM. PROC. art. 11.073(b)(1)(A).

The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: May 25, 2016
Do not publish